# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| **JUAN MARQUIS COUNCIL, #2613194** | § | |
| | § | |
| **v.** | § | **NO. 4:26-CV-01280-BD** |
| | § | |
| **6TH DISTRICT COURT, LAMAR COUNTY, TEXAS, ET AL.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Proceeding pro se, Juan Marquis Council filed a civil-rights action under 42 U.S.C. § 1983. The action was assigned to me, Dkt. 2, and Council consented to my conducting all proceedings, Dkt. 8.

On September 16, 2026, the court ordered Council, within 30 days of receipt of the order, to submit a completed § 1983 form and to either pay the $405.00 filing fee or submit an application to proceed in forma pauperis, together with a certified in forma pauperis data sheet. Dkt. 5. A copy of that order was mailed to Council on the date of entry and is presumed to have been delivered. *See Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 420–21 (5th Cir. 2019) (explaining that properly placing a letter in the United States mail creates a presumption that the letter reached its destination in the usual time and was received by the person to whom it was addressed). He has submitted a completed § 1983 form, Dkt. 9, but he has neither paid the $405.00 filing fee nor submitted an application to proceed in forma pauperis, together with a certified in forma pauperis data sheet. Council failed to fully comply with the order and, as such, has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion*

*Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Council has failed to fully comply with the court's order. Therefore, the case will be dismissed for failure to prosecute.

It is **ORDERED** that the case is dismissed without prejudice.

So **ORDERED** and **SIGNED** this 6th day of November, 2026.

Bill Davis
United States Magistrate Judge